Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 201
Detroit, MI 48226-3211
313-226-9100
Email: ellen.christensen@usdoj.gov

Arlene M. Embrey
U. S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
202-205-6976
Email: Arlene.embrey@sba.gov

Attorneys for Plaintiff

Michael K. Wyatt
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20005
202-637-5684
Email: mkwyatt@hhlaw.com

Perry M. Kantner
Robert W. Roddis
Kantner and Associates
661 Airport Boulevard, Suite 2A
Ann Arbor, MI 48108
(734) 769-3430
Email: pmkantner@cs.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**PACIFIC CAPITAL, LP**

**Defendant.**

**MISC 06 041 T**

**Civ. Action No. 06-10856 (BAF)**

## ORDER

Before this Court is the motion by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for Pacific Capital, LP ("Pacific Capital" or "Defendant"). The Court, being fully advised in the merits, hereby:

**ORDERS, ADJUDGES AND DECREES THAT:**

WDC - 2155970001 - 2263446 v1

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Pacific Capital, LP ("Pacific Capital" or "Defendant"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Pacific Capital to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Pacific Capital's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, directors, employees and agents of Pacific Capital under applicable state and federal law, and by the Certificate and Limited Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of Pacific Capital are hereby dismissed. Such persons shall have no authority with respect to Pacific Capital's operations or assets, except as may hereafter be expressly granted by the Receiver. Notwithstanding the foregoing, this Court understands that the Parties acknowledge that the individual members of Woodlot Management, LLC, the former management company of Pacific Capital, have offered to continue as compensated consultants to Pacific Capital to the extent and on such terms as the Receiver may accept in accordance with paragraph 5, below. The Receiver shall assume and control the operation of Pacific Capital and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Pacific Capital, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records,

documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal, upon receipt of instructions by the Receiver regarding the time and place of such production. Pacific Capital, Pacific Capital Corporation, WP Pacific GP LLC, Woodlot Management, LLC, and/or Woodlot II GP, LLC, shall furnish a written statement to the Receiver within five (5) business days after the entry of this Order, listing the identity, location and estimated value of all assets of Pacific Capital as well as the names, addresses and amounts of claims of all creditors of Pacific Capital of which Pacific Capital, Pacific Capital Corporation, WP Pacific GP LLC, Woodlot Management, LLC, and/or Woodlot II GP, LLC, have knowledge. All persons and entities having control, custody or possession of any assets or property of Pacific Capital, including the general partners and the management company of Pacific Capital, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Pacific Capital. All persons and entities owing any obligations or debts to Pacific Capital shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Pacific Capital had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Pacific Capital, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the Receivership including, but not limited to, attorneys, accountants, and consultants and is further authorized to expend Receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and

procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of Receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the Receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. Pacific Capital's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the Defendant's portfolio of small business concerns, and banks or other financial institutions doing business with Defendant and/or Defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Pacific Capital. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Pacific Capital or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Pacific Capital, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions,

default proceedings, or any other proceedings involving Pacific Capital or any assets of Pacific Capital, involving Pacific Capital or its present or past officers, directors, managers, or general partners or the Receiver, which parties have brought suit or have been sued for, or in connection with, any action taken by Pacific Capital's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Pacific Capital, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding except as otherwise provided in the last sentance of paragraph 8 of this Order.

8. All pending civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings involving Pacific Capital or any of its assets or any action of any nature taken by Pacific Capital's present or past officers, directors, managers, or general partners, which parties have brought suit or have been sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety and all Courts having any jurisdiction over any pending civil legal thereof are enjoined from taking or permitting any action until further Order of this Court. Notwithstanding the foregoing, the following cases are exempt from this stay order until further Order of this Court: (a) the instant proceeding; (b) the separate receivership action filed in this Court styled *United States v. White Pines Limited Partnership I;* and (c) the pending action styled *Pacific Capital v. Emergystat, Inc., et al (Law Court for Sullivan County, Tennessee).*

9. Pacific Capital and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such

action to be taken which would dissipate the assets and property of Pacific Capital to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. § 661, et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. §107.1, et seq.

10. The Receiver is authorized to borrow on behalf of Pacific Capital, from the SBA, up to $1,000,000, and is authorized to cause Pacific Capital to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Pacific Capital, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of equity holders of Pacific Capital.

11. This Court determines and adjudicates that Pacific Capital has violated the Capital Impairment provisions of the SBIA and of the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Pacific Capital's license as an SBIC be surrendered and revoked.

12. The United States Small Business Administration is further entitled to a judgment against Pacific Capital in the total sum of $9,384,549.03, consisting of principal in the amount of $9,364,803.79 and accrued interest in the amount of $19,745.24 as of April 18, 2006 with a per diem rate of $1,518.85 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

13. Any arrangements, including powers of attorney, entered into by and between Woodlot Management, LLC and/or the individual managers thereof and certain co-investors in certain portfolio companies of Pacific Capital are hereby maintained in their entirety; *provided that*, no actions shall be taken thereunder by any person or party which shall interfere with or impede the actions of the Receiver or the administration of the receivership estate; and *provided further that*, neither SBA in its capacity as federal agency or its representatives, SBA in its capacity as Court appointed Receiver or the Receiver's agents or representatives shall absorb or be responsible for any duties or liabilities arising from, or referring or relating to, such arrangements.

**SO ORDERED** this 24 day of April, 2006.

**THE HONORABLE BERNARD A. FRIEDMAN**
**UNITED STATES DISTRICT COURT CHIEF JUDGE**